[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition in the form of a petition for habeas corpus and in a claim for a civil rights violation. Both are alleged on the same factual basis and the petitioner had moved the court to consolidate them after hearing them on separate days.
The facts are basically admitted. On March 9, 1998 the petitioner received a disciplinary report for having contraband in his cell. A disciplinary hearing was scheduled for March 18, 1998 and at that time was continued to March 20, 1998 for additional information. On that date the charge was changed to violation of rules and continued to March 26, 1998 for a hearing. The petitioner was assigned an advocate but admitted to the investigator that the materials which included a latex glove and a cardboard box was his but that he had permission to possess them and he was unable to establish any authorization for possessing the items and was sanctioned with 15 days loss of recreation.
The petitioner's complaint is the claimed failure to follow CT Page 3469 the rules as to disciplinary hearings. He alleges that he was not heard within seven (7) business days of the disciplinary report and was not given the ticket at least 24 hours before the hearing. See Plaintiff's Exhibit 4, Administrative Directive 9.5 provides for at least two (2) continuances and a hearing within seven (7) business days from the disciplinary ticket. SeePetitioner's Exhibit 6. The rules appeared to be properly followed and the sanction appropriate.
The court is not warranted in setting aside decision of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456.
For the above reasons the petitions are dismissed.
Corrigan, JTR